# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

MARQUIS B. WEST,

    Plaintiff,

vs.                                   CIVIL ACTION NO.: CV609-087

TAMARA BENNETT and
JOHN PAUL, Deputy Warden,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff was granted leave of the Court by Order dated December 17, 2009, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) West v. Ga. Dep't of Corr., CV1:08-382 (N.D. Ga. Mar. 7, 2008) (dismissed for failure to exhaust[1]); (2) West v. Higgins, CV6:06-83 (S.D. Ga. June 30, 2008) (appeal dismissed as frivolous); and (3) West v. Warnock, CV6:05-47 (S.D. Ga. Aug. 17, 2006) (appeal dismissed as being frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff asserts that Defendant Paul, the Warden of Care and Treatment, is responsible for Plaintiff being housed in punitive segregation without having any disciplinary infractions filed. Plaintiff contends that Defendant Paul has rejected his grievances regarding lost and destroyed personal property. Plaintiff also contends that Defendant Paul rejected his grievances as retaliation for Plaintiff filing a civil complaint against him on a previous occasion. Plaintiff further contends that Defendant Bennett, the Director of Mental Health, has failed to protect him from self-mutilation after he requested intervention. Plaintiff alleges that Defendant Bennett has denied him medication which other medical personnel has prescribed for him. Plaintiff asserts that Defendant Bennett's actions (or inaction) have been taken in retaliation for filing a lawsuit against her. Plaintiff seeks an injunction against Defendants so that they will discontinue their "harassment and retaliation[.]" (Doc. No. 1, p. 7). A review of Plaintiff's Complaint indicates he requests relief only for alleged violations of his First Amendment rights. (Id. at 7, 11, 13).

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed on December 4, 2009. Plaintiff should not be considered to meet the exception to the three strikes rule. Accordingly, the Court **VACATES** its December 17, 2009, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be

AO 72A
(Rev. 8/82)

**DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 18th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)